UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COFFEY, | Case No.  2:25-cv-2584-DJC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| CHAD EDWARDS, *et al.*, | |
| Defendants. | |

Plaintiff filed this action against Chad Edwards, James Reed, and Daniel Beck, individuals who trespassed on plaintiff's land.  However, after reviewing the complaint, I find that it fails to establish a basis for the court's subject matter jurisdiction.  Plaintiff will be provided fourteen days to show cause why this action should not be dismissed.  Failure to comply with this order will result in a recommendation that this action be dismissed.

A district court has an independent duty to ascertain its jurisdiction.  *See* 28 U.S.C. § 1447(c).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity jurisdiction, a plaintiff

1

1  must specifically allege the diverse citizenship of all parties, and that the matter in controversy
2  exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d
3  546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts
4  unless demonstrated otherwise.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375,
5  376-78 (1994).  Lack of subject matter jurisdiction may be raised at any time by either party or by
6  the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir.
7  1996).

8  Plaintiff seeks $1,000 in damages from each defendant for trespassing on his land in
9  Siskiyou County.  ECF No. 1 at 1.  Plaintiff also seeks a court order directed at California
10 Department of Fish and Wildlife to prevent harassment of small-scale mining communities in
11 California.  *Id.*

12 The presence or absence of federal question jurisdiction is governed by the well-pleaded
13 complaint rule, which provides that federal question jurisdiction exists only when a federal
14 question is presented on the face of plaintiff's properly pleaded complaint.  *Wayne v. DHL*
15 *Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).  Critically, on the face of the complaint,
16 there is no federal question jurisdiction.  Plaintiff makes passing reference to Title 18 U.S.C.
17 § 242, but federal criminal statutes do not provide private rights of action.  *See Aldabe v. Aldabe*,
18 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that there is no private right of action under 18
19 U.S.C. §§ 241, 242).  Moreover, a passing reference to a federal law is "insufficient to support
20 federal jurisdiction under the well-pleaded complaint rule."  *Dennis v. Hart*, 724 F.3d 1249, 1252
21 (9th Cir. 2013).

22 Further, the complaint fails to support diversity jurisdiction.  Diversity jurisdiction
23 requires that the amount in controversy exceed $75,000.  28 U.S.C. § 1332(a).  When a plaintiff
24 has alleged a specific amount in controversy in his complaint, his allegation is given weight.
25 Plaintiff seeks to recover $3,000, which is severely short of the required amount in controversy.
26 Accordingly, it is hereby ORDERED that:
27 1. Plaintiff shall show cause within fourteen days from the date of this order why this
28 action should not be dismissed for lack of subject matter jurisdiction.

2. Plaintiff is warned that failure to respond to this order will result in a recommendation that this action be dismissed without prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated:   September 23, 2025   _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE